**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BRICKLAYERS & MASONS INTERNATIONAL UNION, LOCAL NO. 3, and Frank S. Llewellyn, Secretary, Respondents.**

No. 22337.

*United States Court of Appeals*

Ninth Circuit.

Dec. 4, 1968.

---

Arnold Ordman, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Thomas P. Graham, Jr., Director N.L.R.B., Seattle, Wash., Glen M. Bendixsen (argued), Richard S. Rodin, Washington, D. C., for appellant.

Thomas K. Cassidy (argued), of Bassett, Donaldson & Hafer, Seattle, Wash., for appellee.

Before BROWNING, DUNIWAY and CARTER, Circuit Judges.

DUNIWAY, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order entered in a proceeding in which the union-respondent and its secretary were found to have violated section 8(b) (3) of the National Labor Relations Act, 29 U.S.C. § 158(b) (3), by insisting to impasse upon the inclusion of a non-mandatory subject of bargaining in its contract with the employer after agreement had been reached on all other items of bargaining. The Board's decision is reported at 162 NLRB No. 46 (1966).

Following termination of an existing collective bargaining agreement between them, The Associated General Contractors of America, Eastern Washington Builders Chapter (AGC) and Bricklayers & Masons International Union, Local No. 3 (Union) undertook to negotiate a new contract. The Union proposed a contract that contained a new article reading as follows:

"ARTICLE VI—OTHER EMPLOYERS

SECTION 1. The Union agrees that during the life of this Agreement they will not furnish members to any Employers other than those parties to this agreement, under conditions more favorable to such Employers than those herein established.

SECTION 2. The Employer agrees that in the contracting or sub-contracting of any work coming within the jurisdiction of this Union the Employer shall do business only with a person, firm or corporation party to this agreement.

SECTION 3. In the event the Employer violates this Article he shall pay the Union a sum equivalent to the initiation fees and dues the Union would have received for each employee not included in this bargaining unit, had this article been complied with under the Union security provision of this Agreement."

AGC objected to Section 3; the Union insisted upon it. The sole question is whether that section is, as the Board held, a non-mandatory subject of bargaining, as to which the Union may not bargain to impasse. See NLRB v. Wooster Division of Borg-Warner Corp., 1958, 356 U.S. 342, 349, 78 S.Ct. 718, 2 L.Ed.2d 823. We uphold the Board's ruling.

It is quite true, as the Union argues, that some provisions of a collective bargaining contract that implement its enforcement may be mandatory subjects of bargaining.[1] It is also true that,

---

1. Examples cited by the Union are no strike clauses (NLRB v. American Nat. Ins. Co., 1952, 343 U.S. 395, 408, n. 22, 72 S.Ct. 824, 96 L.Ed. 1027); the "true interpretation" of a contract (NLRB v. Sands Mfg. Co., 1939, 306 U.S. 332, 342, 59 S.Ct. 508, 83 L.Ed. 682); Union security clauses (NLRB v. An-

in the construction industry, subcontracting clauses like sections 1 and 2, supra, may be lawful under section 8(e) of the Act, 29 U.S.C. § 158(e). But it does not follow that the proposed section 3 is a mandatory subject of bargaining.

Most closely analogous are the cases holding that a provision for posting a performance bond or for making a deposit to secure performance is not a mandatory subject of bargaining. The result is the same whether such a provision is insisted upon by the Union [2] or by the employer.[3] Here, the provision in question has less relation to terms and conditions of employment than does a performance bond or deposit to guarantee payment of agreed wages. Section 3 is for the direct benefit of the Union, and only in a most attenuated sense, if at all, for the benefit of employees.

The Board's order will be enforced.

drew Jergens Co., 9 Cir., 1949, 175 F.2d 130); clauses fixing the expiration date of a contract (U. S. Pipe & Foundry Co. v. NLRB, 5 Cir., 1962, 298 F.2d 873).

2. NLRB v. International Hod Carriers, Building and Common Laborers' Union of America, Local 1082, 9 Cir., 1967, 384 F.2d 55; NLRB v. Laborers and Hod Carriers Local No. 300, 9 Cir., 1967, 384 F.2d 1000; Local 164, Brotherhood of Painters v. NLRB, D.C.Cir., 1961, 293 F.2d 133.

3. NLRB v. American Compress Warehouse, Div. of Frost-Whited Co., 5 Cir., 1965, 350 F.2d 365, 368–370; NLRB v. Davison, 4 Cir., 1963, 318 F.2d 550, 554–555.